UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BYRON YAMBRISAK,** <br>     Plaintiff, <br> v. <br> **CHECKR, INC.,** <br>     Defendant. | CASE NO. <br><br> JUDGE |

**COMPLAINT**
**(JURY DEMANDED HEREON)**

### Preliminary Statement

1. This is an action for damages brought by an individual consumer, Byron Yambrisak, against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended.

### Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### Parties

4. Plaintiff Byron E. Yambrisak, is an adult individual, who resides at 190 Vennum Ave., Mansfield, OH 44903.

5. Defendant Checkr, Inc. ("Defendant" or "Checkr") is a consumer reporting agency that regularly conducts business in this judicial district and which has a principal place of business located at One Montgomery Street, Suite 2000, San Francisco, CA 94104.

**Factual Allegations**

6. On or around August 21, 2017, Plaintiff applied for employment with Handy Technologies, Inc., d/b/a Handy.  As part of Plaintiff's job application, Plaintiff signed a document purportedly authorizing Handy to obtain a consumer report for employment purposes.

7. Handy requested a consumer report from Defendant on August 21, 2017.

8. On August 23, 2017, Defendant completed its background investigation and sold Handy a consumer report concerning Plaintiff (hereinafter the "consumer report").

9. The report furnished by Defendant was for employment purposes.

10. This consumer report contained at least two items of information which were a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Handy.

11. Defendant has been reporting, and did report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties (hereinafter the "inaccurate information").

12. The inaccurate information includes, but is not limited to, records of two felony criminal convictions.

13. The inaccurate information grossly disparages the Plaintiff and portrays Plaintiff as a convicted felon.  There is perhaps no greater error that a consumer reporting agency can make.

14. The derogatory inaccuracies appear to be caused by a misreading of public records.  Any rudimentary inspection of the data would clearly demonstrate that the subject convictions were vacated.  Plaintiff was fully acquitted of the convictions as early as 2013 and that the criminal history reported by Defendant is patently inaccurate.  Defendant, as a result of its unreasonable and faulty procedures, failed to maintain up-to-date criminal records.

15. On or around September 28, 2017, Handy deemed that Plaintiff was ineligible for employment and generated an adverse action notice to inform Plaintiff that he would not be retained by Handy. Plaintiff was informed by Handy that the decision to deny him employment was based on the information that appears on Plaintiff's consumer report, and that the information contained in the report was a substantial factor in Handy's decision.

16. Here, Handy used the consumer report in its determination about Plaintiff's eligibility for employment.

17. In other words, based in whole or in part on the inaccurate information contained in the consumer report, Handy took adverse action against Plaintiff.

18. The inaccurate information that appears on Plaintiff's consumer report prepared by Defendant was a substantial factor in Handy's decision not to hire Plaintiff.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## **Count One – Violations of the FCRA**

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

24. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, as well as such further relief, as may be permitted by law.

### Jury Trial Demand

28. Plaintiff demands trial by jury on all issues so triable.

### Prayer for Relief

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a)     Actual damages;

    (b)     Statutory damages;

    (c)     Punitive damages;

    (d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

/s/ Matthew A. Dooley
Matthew A. Dooley (#0081482)
**O'TOOLE, MCLAUGHLIN, DOOLEY, PECORA, CO., LPA.**
5455 Detroit Road
Sheffield Village, OH 44054
T:  440.930.4001
F:  440.934.7205
E:  mdooley@omdplaw.com
*Counsel for Plaintiff Byron E. Yambrisak*

Micah S. Adkins
*(motion for pro hac vice forthcoming)*
(ASB-8639-I48A)
TN BAR NO. 036451
**THE ADKINS FIRM, P.C.**
1025 Westhaven Blvd., Suite 220
Franklin, Tennessee 37064
T:  (615) 370.9659
F:  (205) 208.9632
E:  MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff Byron Yambrisak*